UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
-------------------------------------------------------
In re
        JOHN DAVID DOUDS,                04-16872 B

                Debtor
-------------------------------------------------------
GIBRALTAR INDUSTRIES, INC., formerly known as
GIBRALTAR STEEL CORPORATION,

                Plaintiff

       v.                                AP 04-1365 B

JOHN DAVID DOUDS,

                Defendant
-------------------------------------------------------

                Phillips Lytle LLP
                William J. Brown, Esq., of counsel
                Alan J. Bozer, Esq., of counsel
                Suite 3400
                One HSBC Center
                Buffalo, New York 14203-2887
                Attorneys for Plaintiff

                Damon & Morey LLP
                William F. Savino, Esq., of counsel
                1000 Cathedral Place
                298 Main Street
                Buffalo, New York 14202-4096
                Attorneys for Defendant

Bucki, U.S.B.J.

        The present motion to dismiss or for summary judgment asks the court to consider the circumstances in which a non-final decision of state court will collaterally estop the assertion of claims in a bankruptcy proceeding.

        In May of 2002, Gibraltar Steel Corporation commenced an action in New York State Supreme Court against Jack Douds, Del Douds, Sheldon Frank, and three affiliated corporations, to recover damages resulting from an

alleged breach of contract. Jack Douds is otherwise known as John David Douds, the debtor and defendant herein, and will be referred to as John David Douds throughout this opinion. Gibraltar Steel Corporation is now known as Gibraltar Industries, Inc, the plaintiff herein, and will be identified in this opinion as "Gibraltar."

In an order dated November 13, 2002, the state court granted Gibraltar's motion for summary judgment as against the corporate defendants, but denied a request for such relief as to the individual defendants. Thereafter, the individual defendants filed a motion to dismiss the complaint for failure to state a claim. The state court granted this motion in a written memorandum and order dated April 6, 2004 (the "April 6th Order"). In his decision, the judge rejected Gibraltar's contention that the individual defendants held the status of general partners who were jointly and severally liable with the corporate defendants. Gibraltar then appealed the April 6th Order. Before the Appellate Division could decide that appeal, however, John David Douds filed a petition for relief under chapter 7 of the Bankruptcy Code. Later, Del Douds also filed a petition for relief under chapter 7, in a case that was randomly assigned to a different part of the Bankruptcy Court.[1] Although bankruptcy has stayed any proceedings in state court against John David Douds and Del Douds, Gibraltar has continued its appeal as to the third individual defendant, Sheldon Frank.

On December 20, 2004, Gibraltar commenced the present adversary proceeding, in which it seeks a judgment declaring that its claim against John David Douds is nondischargeable, pursuant to 11 U.S.C. §§ 523(a)(2) and 523(a)(6). Prior to interposing an answer, the debtor filed the present motion to dismiss or for summary judgment. John David Douds

---

[1] Del Douds filed her petition under the name of Delfina M. Hocho, fka Delfina M. Douds.

contends that by reason of the April 6th Order, Gibraltar is collaterally estopped from asserting a claim against Mr. Douds. He argues that without an underlying claim, Gibraltar has nothing that this court can declare to be nondischargeable. In response, Gibraltar asked that the court defer any decision on the debtor's motion, until the Appellate Division rendered a decision on the outstanding appeal of the April 6th Order.

Subsequent to oral argument on the debtor's current motion, the Appellate Division issued its decision reversing the April 6th Order. Although Gibraltar's request to defer consideration of the present motion is now moot, the decision of the Appellate Division does not settle the matter. By reason of the automatic stay, John David Douds was no longer a party to the appeal when the Appellate Division issued its decision. Indeed, the Appellate Division's Memorandum and Order states that it addresses only Gibraltar's claim against Sheldon Frank, the sole appellee who had not filed a petition for bankruptcy relief. Any decision by the Appellate Division would have had preclusive effect as against Gibraltar, but it cannot bind a person who was not a party to the appeal. Of course, the Appellate Division's ruling may serve as precedent on any motion by Gibraltar for reconsideration of the April 6th Order or on any new or reinstated appeal from that decision. At this moment, however, the April 6th Order remains outstanding with respect to John David Douds, until such time as the state court issues a contrary directive subsequent to a termination of the automatic bankruptcy stay. Therefore, this court must still address the debtor's argument that the April 6th Order serves to collaterally estop Gibraltar from asserting his claim in the present adversary proceeding.

The doctrine of collateral estoppel (or, in modern parlance, the doctrine of issue preclusion) bars only the relitigation of issues decided by final

order. The New York Court of Appeals recognized this fundamental requirement in *Matter of McGrath v. Gold*, 36 N.Y.2d 406, 411 (1975): "Collateral estoppel means simply that, when an issue of ultimate fact has once been determined by a valid and *final judgment*, that issue cannot again be litigated between the same parties in any future lawsuit." (emphasis added). *Accord* 73A N. Y. Jur. 2d *Judgments* §337. In the present instance, Gibraltar had duly filed an appeal from the April 6th Order. Not being a final judgment, that order can have no preclusive effect in the present proceeding.

In support of his position that the April 6th Order serves to estop Gibralter from asserting a claim, John David Douds has cited *Parkhurst v. Berdell*, 110 N.Y. 386 (1888). The cryptic language of that decision defies ready explication. However, contrary to the debtor's assertion, the case seems merely to stand for the more limited proposition that when a court enters judgment against multiple defendants, a subsequent reversal of that judgment does not affect those parties who chose not to appeal. They remain bound by the original judgment. However, even if *Parkhurst v. Berdell* could be read to accord collateral estoppel effect to a non-final order, that case would have no application in the present context of bankruptcy.

In the present instance, the debtor chose to file a voluntary petition. This filing caused the scheduling of the first meeting of creditors, an event which determined the deadline for commencement of the present adversary proceeding. Moreover, by reason of his voluntary bankruptcy filing, John David Douds initiated an automatic bankruptcy stay. Thus, it was the debtor's conduct that stayed consideration of Gibraltar's appeal to the Appellate Division with respect to the debtor's liability. Having prevented finality, John David Douds will not now be allowed to benefit from his own impairment of the appellate rights of Gibraltar. The doctrine of equitable

estoppel "prevents a party from asserting rights when his own conduct renders that assertion contrary to equity and good conscience." 28 AM.JUR.2D *Estoppel and Waiver* §28 (2000). *Accord In re Patton's Busy Bee Disposal Service, Inc.*, 182 B.R. 681 (Bankr. W.D.N.Y. 1995). Here, the bankruptcy will itself serve to estop John David Douds from asserting the collateral estoppel effect of an order whose non-finality is preserved by the bankruptcy filing. Aside from the rule in New York that only a final order will provide the basis for collateral estoppel, this court could not in any event allow a voluntary bankruptcy to eliminate the right to appeal an order that will impact other rights, such as the present entitlement to determine the dischargeability of a debt under section 523 of the Bankruptcy Code.

For the reasons stated herein, the debtor's motion to dismiss or for summary judgment is denied, but without prejudice to a motion for the same relief based on different grounds. Absent a further motion to dismiss, the debtor must serve and file his answer within the time allowed under Bankruptcy Rule 7012(a). The court will then schedule a pretrial conference, pursuant to Bankruptcy Rule 7016 and Federal Rule of Civil Procedure 16. At that pretrial conference, the parties should be prepared to discuss arrangements to resolve the disputed proceeding in state court, whether subsequent to a grant of stay relief or otherwise.

So ordered.

Dated:   Buffalo, New York        /s/ CARL L. BUCKI
         July 14, 2005                    U.S.B.J.